IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MIACHEL H. HICKS

          Plaintiff,

v.                              CIVIL ACTION NO. 5:10-cv-01404

HILDA SALIS and
ROBERT HARDMAN,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's *pro se* Complaint (Document 1) filed on December 23, 2010, wherein Plaintiff claims an entitlement to relief under the Civil Rights Act. By Standing Order (Document 2) entered on December 23, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On December 20, 2011, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations (PF&R) (Document 4). On January 3, 2012, Plaintiff filed his objection to the PF&R (Document 5).

### I.    *RELEVANT FACTS AND PROCEDURAL HISTORY*

Plaintiff filed the Complaint against Defendants Hilda Salis, Secretary of Labor, and Robert Hardman, District Four District Manager, alleging age discrimination and retaliation for filing an EEO Complaint. (Document 1 at 4-5, 8). Plaintiff contends he was wrongfully denied three Special Investigator positions with the Mine Safety Health Administration, which were

given to younger applicants with less seniority. (Id.) Plaintiff admits that "Mr. Hardman said the deciding factor in the selection of the candidate for the position was that the Selectee's writing skills were better than Inspector Hicks relative to preparation of work products (sic) submitted to the Agency." (Id. at 8). Plaintiff further alleges that his performance rating dropped after he filed an EEO Complaint. (Id. at 5). Plaintiff asks for a reevaluation of his performance, monetary and injunctive relief. (Id. 5-6).

On December 27, 2010, the Clerk issued the Summonses to Plaintiff for service on Defendants. (Document 3). A review of the docket reveals that service of process was never perfected on Defendants. On December 20, 2011, Magistrate Judge VanDervort submitted his PF&R (Document 4), which recommends that the Court involuntarily dismiss this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia based on Plaintiff's failure to prosecute. Plaintiff timely filed his objection to this recommendation on January 3, 2012.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact

that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.     PF&R AND PLAINTIFF'S OBJECTION

The Magistrate Judge correctly set forth the applicable law on a District Court's inherent power to involuntarily dismiss a complaint *sua sponte* for failure to prosecute.[1] (Document 5 at 2-3).  The Magistrate Judge identified the four factors a District Court should consider when dismissing a complaint involuntarily for want of prosecution. (Id. at 2).  The Court is to consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

In assessing the first factor, the Magistrate Judge found that the delay in the case was attributable solely to Plaintiff because the Summonses were issued nearly a year ago, and Plaintiff had yet to serve process on Defendants. (Document 4 at 3).  In assessing the second and third factors, the Magistrate Judge found that "although the record is void of further evidence indicating that Plaintiff has a history of 'deliberately proceeding in a dilatory fashion,' the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint." (Id.) In assessing the fourth factor, the Magistrate Judge acknowledges that dismissal under Rule 41(b) or Local Rule 41.1 is a severe sanction that should not be invoked

---

[1] Rule 41.1 of the Local Rules provides:
**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

lightly. (Id.) Nevertheless, the Magistrate Judge found that the facts of the particular case "do not warrant a lesser sanction." (Id.) Therefore, the Magistrate Judge recommends that "this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute." (Id.)

Plaintiff objects to dismissal on the ground that "he [was] not the sole cause of the delay in this action." (Document 5). Plaintiff represents to the Court that "he never received the Summons[es] issued by the Court for him to serve." (Id.) Furthermore, Plaintiff represents that he told the Clerk that he had not received the Summonses on December 22, 2011. (Id.) After consideration of Plaintiff's objection, the Court finds Plaintiff has not put forth good cause for his failure to prosecute his claim. The Court makes this finding taking into consideration that the Plaintiff's address (P.O. Box 835, Cool Ridge, WV 25825) was the same he provided on his Complaint, the same address where the Clerk mailed the Summonses, and the same address where the PF&R was mailed. (Documents 1, 3-4). The Court also considered that Plaintiff only checked the status of his case after receiving the PF&R recommending dismissal of this action. (Document 5). Simply put, Plaintiff wholly failed to prosecute his case for nearly a year, and only inquired into the status of his case after receiving the PF&R. Therefore, the Court finds that Plaintiff's objection should be overruled and Plaintiff's Complaint should be dismissed without prejudice.

## IV. CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 4) be **ADOPTED.** Further, the Court **ORDERS** that Plaintiff's Complaint (Document 1) be **DISMISSED WITHOUT PREJUDICE** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 4, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA